UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CYNTHIA R. MACK; JEROLD R. MACK, II, | Case No. 3:25-cv-05244-TMC |
| Plaintiffs, | ORDER TO SHOW CAUSE |
| v. | |
| USAA CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

## I.   ORDER

This is an underinsured motorist insurance coverage action arising from a collision that injured Plaintiffs Cynthia and Jerold Mack. Currently pending before the Court is Plaintiffs' Motion to Exclude Defense Expert Edward McKinnon. Dkt. 41. The motion argues that Defendant USAA failed to disclose Mr. McKinnon, its claims handling expert, by the deadline of April 8, 2026, in violation of the case schedule and Federal Rule of Civil Procedure 26(a)(2)(B). *See* Dkt. 41. Plaintiffs ask the Court to exclude Mr. McKinnon's testimony from trial under Federal Rule of Civil Procedure 37(c)(1). *See id.*

ORDER TO SHOW CAUSE - 1

To support their motion, Plaintiffs provide copies of (1) an email from defense counsel's legal assistant Lynda Ha, sent on April 8, 2026 at 3:08 PM, containing Defendant's rebuttal expert disclosures, Dkt. 42-3; and (2) a copy of the attached expert disclosures, Dkt. 42-4. Plaintiffs' counsel provided these documents with a declaration that they were "true and correct copies" of what was sent by USAA's counsel to his law firm. Dkt. 42 ¶¶ 14–16. The USAA expert disclosure provided by Plaintiffs does not include Mr. McKinnon. *See* Dkt. 42-4 at 3. And according to the declaration of Plaintiffs' counsel, the only copy of Mr. McKinnon's expert report that has been produced by USAA was that attached to USAA's opposition to Plaintiffs' partial summary judgment motion, and USAA has never disclosed a copy of Mr. McKinnon's qualifications or list of cases in which he has provided testimony, as required by Rule 26(a)(2)(B). *See* Dkt. 42 ¶¶ 18–20.

In opposition to the motion to exclude, USAA has represented completely contrary facts. USAA contends that it did disclose Mr. McKinnon, and provide all the materials required by Rule 26, on April 8, 2026 as required by the case schedule. Dkt. 45 at 2–3. In support of that argument, USAA's counsel has submitted what appears to be the same email from Ms. Ha sent at 3:08 PM on April 8, 2026 (Dkt. 46 at 9), but with a different version of the attached expert disclosures that does include Mr. McKinnon (Dkt. 46 at 11–12). USAA's counsel has filed these documents with a sworn declaration representing that they are "a true and correct copy of USAA CIC's April 8, 2026 rebuttal witness disclosure and the email to plaintiff with the disclosure." Dkt. 46 at 1.

These two representations—made under penalty of perjury—cannot both be true. Neither party has offered any innocent explanation, such as a faulty email transmission, to explain the contradiction. In support of their reply brief, both Plaintiffs' counsel Benjamin Zielinski and paralegal Lee Anne Redmond have submitted additional sworn declarations that they did not

ORDER TO SHOW CAUSE - 2

receive the version of the rebuttal expert disclosures provided to the Court by USAA's counsel. Dkts. 48, 49. Plaintiffs' counsel also forwarded to the undersigned judge's courtroom deputy what he represented to be the original electronic version of the email and disclosure, which does not include Mr. McKinnon.

The Court has determined that it cannot resolve this factual dispute or rule on the underlying motion without weighing the credibility of counsel and their staff involved in the disputed email communication. And if counsel for one party has in fact misrepresented the record in such an egregious manner, it would violate Federal Rule of Civil Procedure 11(b)(3) or (4). No matter the size of the case or the amount in dispute, the Court takes this type of alleged misconduct extremely seriously. The ability of the Court to provide a fair tribunal and decide motions correctly depends on the trust placed in lawyers to provide accurate information. The Court therefore ORDERS as follows:

1. The Court will hold an in-person evidentiary hearing to resolve the motion to exclude filed at Dkt. 41. The courtroom deputy will contact counsel to schedule the hearing.

2. This will also serve as a show-cause hearing to determine if any party or their counsel has violated Rule 11(b)(3) or (4). *See* Fed. R. Civ. P. 11(c)(3).

3. Plaintiff's counsel Benjamin Zielinski, paralegal Lee Anne Redmond, defense counsel Kimberly Reppart, and legal assistant Lynda Ha must all attend the hearing and be prepared to testify under oath.

4. The Court will also consider at the hearing whether it is necessary to appoint a special master to conduct a forensic evaluation of counsel's email records.

ORDER TO SHOW CAUSE - 3

5.      Plaintiff's counsel is directed to use the Court's procedures for filing physical materials to file a USB drive with an electronic copy of the email he previously forwarded to the courtroom deputy.

6.      Alternatively, if either party wishes to respond to this Order by correcting its representations to the Court in writing, such action may eliminate the need for a hearing and mitigate any potential sanctions.

Dated this 13th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER TO SHOW CAUSE - 4