UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CYNTHIA R. MACK; JEROLD R. MACK, II,

Plaintiffs,

v.

USAA CASUALTY INSURANCE COMPANY,

Defendant.

Case No. 3:25-cv-05244-TMC

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Plaintiffs Jerold Mack and Cynthia Mack move for partial summary judgment against Defendant USAA Casualty Insurance Company ("USAA"), arguing that USAA unreasonably denied them payment of insurance benefits following a car accident with an underinsured motorist. Dkt. 33. They contend that USAA violated the Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015, as well as several provisions of the Washington Administrative Code: WAC 284-30-330(16), 284-30-330(19), 284-30-360(3), and 284-30-580. *Id.* They also move to exclude defense expert Edward McKinnon on the basis that USAA failed to timely disclose his identity and report. Dkt. 41.

For the reasons that follow, the Court concludes that USAA violated IFCA and WAC 284-30-360(3). The Court thus GRANTS IN PART and DENIES IN PART the motion for partial summary judgment (Dkt. 33). The Court further concludes that USAA's failure to timely disclose McKinnon merits his exclusion under Federal Rule of Civil Procedure 37(b)(1), and the Court GRANTS the motion to exclude (Dkt. 41).

## II. BACKGROUND

### A. Facts

This case arises out of a January 4, 2020 car accident between the Macks and another motorist, Alicia Howl. Dkt. 1-1 ¶ 4.1. While Jerold Mack was driving with Cynthia Mack in the passenger seat, Howl's vehicle struck theirs. *Id.* Both Jerold and Cynthia Mack sustained injuries from the collision. Dkt. 35-1 at 3; Dkt. 35-2 at 3; *see* Dkt. 37 at 9.

At the time of the accident, Howl was insured under a liability policy issued by Government Employees Insurance Company ("Geico"), with policy limits of $25,000 per person and $50,000 per accident. Dkt. 1-1 ¶ 4.5. The Macks were insured under a USAA policy that provided coverage for underinsured motorist ("UIM") claims of up to $300,000 per person and $500,000 per accident. Dkt. 34-1 at 3; Dkt. 34-14 at 10, 17–19, 40–43. After the accident, the Macks settled with Geico for $25,000 each, and they opened personal injury protection ("PIP") and UIM claims with USAA. Dkt. 1-1 ¶¶ 4.6, 4.9. USAA paid the PIP policy limits for each of the Macks. Dkt. 34 ¶ 4.

On October 19, 2021, counsel for the Macks sent USAA a settlement demand package for the remaining claims. Dkt. 34-4. On November 2, 2021, USAA responded with initial settlement offers of $125,000 for Jerold Mack's claim and $75,000 for Cynthia Mack's claim. Dkt. 38 at 72, 76. Over the following months, the parties negotiated amounts for a potential settlement. *Id.* at 79–198; Dkt. 34-7; Dkt. 34-9. During this process, USAA considered and

accepted medical bills of $63,188 for Jerold Mack and $48,342 for Cynthia Mack. Dkt. 38 at 101, 103; Dkt. 34-17 at 2. USAA's final counteroffer was $150,000 for each of the Macks. Dkt. 38 at 138–39. USAA reiterated this counteroffer several times and did not later offer a different amount. *Id.* at 141, 152, 177, 179.

On August 8, 2023, counsel for the Macks sent a letter to USAA demanding payment of the "undisputed benefit funds"—$150,000 each. Dkt. 34-9. On August 20, 2023, USAA emailed the Macks "informing them that $150,000 checks had been issued." Dkt. 34 ¶ 16; *see* Dkt. 37 at 7. The same day, USAA sent the Macks a second email informing them that those checks had been canceled. Dkt. 34 ¶ 16. Three days later, USAA sent a letter to counsel for the Macks stating that it would need to "address Medicare" before payment of the "undisputed amount for Mr. Mack" could be issued. Dkt. 34-10. On December 6, 2023, USAA sent another letter indicating that its settlement offer for each of the Macks "remain[ed] at $150,000.00." Dkt. 34-12. After counsel for the Macks inquired about payment of the undisputed claim amounts, *see* Dkts. 34-13, 34-15, USAA responded that it would "issue payment once a settlement is reach[ed]." Dkt. 34-16 at 3; *see also* Dkt. 34-17 at 2. USAA has not issued the requested payments.

Beginning in January 2020 and throughout the ensuing correspondence, counsel for the Macks requested several times that USAA provide a copy of the policy in effect at the time of the accident. Dkt. 34-2; Dkt. 34-9 at 2; Dkt. 34-13 at 2. On May 23, 2024, USAA did so. Dkt. 34-14.

**B. Procedural history**

On February 18, 2025, the Macks sued USAA in Pierce County Superior Court. Dkt. 1-1. On March 20, 2025, USAA removed the case to this court. Dkt. 1. On April 2, 2026, the Macks

moved for partial summary judgment. Dkt. 33. USAA responded, and the Macks replied. Dkts. 37, 39.

On June 4, 2026, the Macks moved to exclude defense expert Edward McKinnon on the grounds that USAA did not disclose this witness or his report before the rebuttal expert witness disclosure deadline. Dkt. 41. After the motion was fully briefed (Dkts. 45, 47), the Court issued an order to show cause to resolve the parties' competing representations about whether McKinnon was timely disclosed. Dkt. 55. Counsel for USAA responded to the order to show cause with a declaration conceding that USAA had not disclosed McKinnon before the deadline. Dkt. 59.

Both the motion for partial summary judgment and the motion to exclude are now ripe for the Court's review.

## III. JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332 because the Macks are citizens of Washington, USAA is a citizen of Texas, and the amount in controversy exceeds $75,000. Dkt. 1-1 ¶¶ 1.1, 10.1–10.5; Dkt. 3.

## IV. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In general, the moving party has the initial burden of "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden,

the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Zellmer v. Meta Platforms, Inc.*, 104 F.4th 1117, 1122 (9th Cir. 2024) (quoting *Anderson*, 477 U.S. at 256).

The evidence relied upon must be able to be "presented in a form that would be admissible in evidence." *See* Fed. R. Civ. P. 56(c)(2). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see also* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony.").

Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presume[d]." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). However, "'[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam) (quoting *Anderson*, 477 U.S. at 255). Consequently, "a District Court must resolve any factual issues of controversy in favor of the non-moving party only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied." *Lujan*, 497 U.S. at 888 (internal quotations omitted).

## V. DISCUSSION

The Macks raise four issues for the Court's review: (1) whether Howl is liable for the underlying accident and whether the incident triggered coverage under the Macks' policy with USAA; (2) whether the Macks' medical treatment and bills were "reasonable, necessary, and causally related" to the underlying accident; (3) whether USAA violated IFCA by agreeing to

pay undisputed benefits and then withholding that payment; and (4) whether USAA committed per se regulatory violations under IFCA. Dkt. 33 at 11. USAA concedes Howl's liability and the existence of coverage under the Macks' policy. Dkt. 37 at 9. It also does not dispute that the Macks incurred reasonable, necessary, and related medical specials in the amounts of $63,188 for Jerold Mack and $48,342 for Cynthia Mack.[1] *Id.*; *see also* Dkt. 25-1 at 7, 13 (Plaintiffs' requests for admission ("RFAs") related to this issue); Dkt. 29 (order deeming these RFAs admitted). The Court therefore discusses the two issues that remain in dispute: whether USAA violated IFCA and whether it committed any per se regulatory violations under that statute. But before reaching these substantive issues, the Court considers the Macks' motion to exclude defense expert Edward McKinnon.

**A. The Court excludes defense expert Edward McKinnon.**

Under Federal Rule of Civil Procedure 26(a)(2)(B), parties must disclose the identity of each expert witness "accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony." If the witness is not required to provide a written report, the disclosure must include "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Federal Rule of Civil Procedure 37(c)(1) "gives teeth" to Rule 26's disclosure requirements, *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001), providing that generally, when a party fails to "provide information or identify a witness as required by Rule 26(a)," that "party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) is a

[1] Any amount in dispute is related to general damages for Mr. Mack and future medical and general damages for Mrs. Mack, all of which should be determined at trial.

'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (quoting *Yeti by Molly*, 259 F.3d at 1106). Consequently, the Court has broad "discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly*, 259 F.3d at 1106.

Rule 37(c)(1) does not apply, however, where "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly*, 259 F.3d at 1106 ("Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless."). The burden of proving substantial justification or harmlessness is on the party facing sanctions. *Yeti by Molly*, 259 F.3d at 1107.

After the motion to exclude was fully briefed, defense counsel conceded that McKinnon was not timely disclosed. Dkt. 59 ¶ 4. Counsel explained that she had believed an email sent to the Macks on April 8, 2026 contained the required disclosure but that she "did not independently verify the contents" of that email when it was sent. *Id.* ¶¶ 6–9. This failure is not substantially justified, instead reflecting only a lack of diligence by the defense in reviewing communications with opposing counsel. Nor was this error harmless, as USAA did not identify McKinnon or provide his report until opposing summary judgment, and did not provide McKinnon's CV or case list until the briefing on the motion to exclude. *See* Dkt. 46 at 19–24. Defense counsel wasted the Court's and opposing counsel's time by failing to acknowledge the error until after the Court issued the order to show cause. And throughout the related motions practice, USAA did not take any affirmative steps that might alleviate the prejudice to the Macks from this delayed disclosure, such as immediately making McKinnon available for a deposition, offering to cover the costs of doing so, or offering the Macks an extension on their summary judgment reply until after such a deposition could occur.

The Court therefore GRANTS the motion to exclude (Dkt. 41) under Rule 37(c)(1) and excludes McKinnon's testimony from trial. In addition, because USAA caused unnecessary motions practice both through the failure to timely disclose McKinnon and its refusal to immediately acknowledge its error, the Court awards the Macks their reasonable attorney's fees incurred in filing the motion to exclude. *See* Fed. R. Civ. P. 37(c)(1)(A). The Macks may file a fee petition for that amount within 14 days of this Order. The order to show cause (Dkt. 55) is discharged.

**B. USAA violated IFCA by agreeing to pay undisputed benefits and then withholding the payment.**

IFCA creates a cause of action for any first party claimant "who is unreasonably denied a claim for coverage or payment of benefits by an insurer." RCW 48.30.015(1). The Macks argue that USAA violated IFCA by refusing to pay UIM benefits that were undisputed. Dkt. 33 at 16–21. Citing *Beasley v. GEICO General Insurance Co.*, 23 Wn. App. 2d 641, 517 P.3d 500 (2022), they contend that where a plaintiff requests UIM payments from an insurer, and the insurer characterizes some amount of those payments as undisputed, the insurer violates IFCA when it fails to pay the undisputed amount. *Id.* at 18–20. USAA responds that it never denied coverage or unreasonably denied payment of benefits, as the settlement offers it made to the Macks were intended as a "compromise" for disputed claims. Dkt. 37 at 11–14.

In *Beasley*, a plaintiff who had been in a car accident with an underinsured motorist demanded that his insurer, Geico, pay the $100,000 limits of his UIM policy. 23 Wn. App. 2d at 644. When Geico responded with a $10,000 settlement offer, "Beasley rejected the offer as insufficient, but his counsel requested that [Geico] pay the $10,000 as an undisputed UIM amount." *Id.* Beasley sued Geico after it failed to make the $10,000 payment. *Id.* The Washington Court of Appeals concluded that Geico's refusal to pay Beasley $10,000 was an

unreasonable denial of benefits under IFCA, noting that "[a]lthough an insurer is not always obligated to pay an offer that is not accepted by the insured," the evidence in that case "clearly show[ed] that [Geico] did not dispute that Beasley was entitled to receive the $10,000 before any final settlement." *Id.* at 519. This portion of the *Beasley* opinion is unpublished, *see id.*, but the Court finds its reasoning persuasive here.

This case falls squarely within the factual circumstances at issue in *Beasley*. As USAA notes, Dkt. 37 at 13, courts in this district have distinguished *Beasley* from matters in which plaintiffs failed to offer evidence that they requested the payment of undisputed sums or "that either party ever characterized the settlement offers as undisputed amounts." *Derenski v. USAA Gen. Indem. Co.*, No. C23-0676JLR, 2024 WL 5075003, at *4 (W.D. Wash. Dec. 10, 2024); *see Vorhees v. Esurance Ins. Servs., Inc.*, No. 2:23-CV-00420-RAJ, 2024 WL 3069977 (W.D. Wash. June 20, 2024), *aff'd*, No. 24-4512, 2025 WL 1682180 (9th Cir. June 16, 2025). Here, however, the Macks have presented undisputed evidence that they requested payment of the $150,000 settlement amounts. Dkt. 34-9. USAA initiated the process of issuing those payments and then changed course, even while describing the $150,000 payment to Mr. Mack as "undisputed" and maintaining the consistent position that it was willing to pay $150,000 to each spouse. Dkts. 34-10, 34-12, 34-16, 34-17. Given this evidence, it was unreasonable as a matter of law for USAA to deny these payments following a clear request from counsel.

In any event, USAA does not dispute that it considered and accepted past medical specials in the amounts of $63,188 for Jerold Mack and $48,342 for Cynthia Mack. Even if there remained some genuine factual dispute over the $150,000 payments, the $63,188 and $48,342 should have been paid upon request from counsel, and USAA's failure to do so was an unreasonable denial of payment for benefits under IFCA. *See Schreib v. Am. Fam. Mut. Ins. Co.*, 129 F. Supp. 3d 1129, 1137 (W.D. Wash. 2015) ("As part of the damages proximately caused by

[an] IFCA violation, an insured can recover policy benefits that were unreasonably denied . . . ."). The total amount of damages for USAA's violation of IFCA will be determined at trial.

**C. USAA violated WAC 284-30-360(3).**

A successful IFCA claimant may be entitled to treble damages if the insurer violated certain regulatory provisions listed in the statute. RCW 48.30.015(2), (3), (5); *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 187 Wn.2d 669, 672, 389 P.3d 476 (2017). The Macks argue that USAA violated four such provisions. The Court discusses each in turn.

First, the Macks argue that USAA violated WAC 284-30-330(16) by failing to make the $150,000 payments. Dkt. 33 at 22–23. This provision designates the following conduct by an insurer as an unfair or deceptive act or practice:

> Failing to adopt and implement reasonable standards for the processing and payment of claims after the obligation to pay has been established. Except as to those instances where the time for payment is governed by statute or rule or is set forth in an applicable contract, procedures which are not designed to deliver payment, whether by check, draft, electronic funds transfer, prepaid card, or other method of electronic payment to the payee in payment of a settled claim within fifteen business days after receipt by the insurer or its attorney of properly executed releases or other settlement documents are not acceptable. Where the insurer is obligated to furnish an appropriate release or settlement document to a claimant, it must do so within twenty working days after a settlement has been reached.

WAC 284-30-330(16). As USAA points out, this provision addresses receipt of payment after a settlement has been reached and does not apply to the factual circumstances here. Dkt. 37 at 16. The Court therefore DENIES partial summary judgment as to WAC 284-30-330(16).

Second, the Macks argue that USAA violated WAC 284-30-330(19) by emailing them directly to initiate the payment of the $150,000 benefits. Dkt. 33 at 23–24. Under this provision, it is an unfair or deceptive act or practice for an insurer to "[n]egotiat[e] or settl[e] a claim directly with any claimant known to be represented by an attorney without the attorney's knowledge and consent." WAC 284-30-330(19). But the email to the Macks, which they

describe as simply "informing them that $150,000 checks had been issued"—and which was later rescinded—does not amount to a "negotiation" or "settlement" of any claims. The Court DENIES partial summary judgment as to WAC 284-30-330(19).

Finally, the Macks argue that USAA violated WAC 284-30-360(3) and WAC 284-30-580 by failing to send their counsel a copy of the insurance policy for over four years after he first requested it. Dkt. 33 at 24–25. Under WAC 284-30-360(3), "[f]or all . . . pertinent communications from a claimant reasonably suggesting that a response is expected, an appropriate reply must be provided within ten working days for individual insurance policies." And under WAC 284-30-580, an insurance policy must be "delivered within a reasonable period of time after issuance," and failure to do so is an unfair practice. WAC 284-30-580(1), (4). The Court agrees with the Macks that communications from counsel regarding the policy were "pertinent" to the UIM settlement negotiations, and USAA does not provide any justification for its failure to respond to repeated requests for copies of the policy, either by providing a copy or explaining how the claimants could access it. The Court therefore GRANTS partial summary judgment as to WAC 284-30-360(3). But the Court agrees with USAA that by its clear text, WAC 284-30-580 pertains to the delivery of policies "after issuance," not to the delivery of policies to counsel during settlement negotiations. Dkt. 37 at 17. The Court DENIES partial summary judgment as to WAC 284-30-580.

## VI. CONCLUSION

The motion for partial summary judgment (Dkt. 33) is GRANTED IN PART and DENIED IN PART. The motion to exclude defense expert Edward McKinnon (Dkt. 41) is GRANTED, and the Macks are awarded their reasonable attorney's fees incurred in bringing the motion to exclude. They may file a fee petition for that amount no later than August 13, 2026. If the parties can reach agreement on that amount, the fee petition may be filed as a same-day

motion. If the parties contest the amount, it shall be noted as a 21-day motion under this Court's local civil rules.

Dated this 30th day of July, 2026.

Tiffany M. Cartwright
United States District Judge